UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAL J. WALDON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.:  15cv0631 AJB (NLS)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION (Doc. No. 22);**<br><br>**(2) OVERRULING DEFENDANT'S OBJECTIONS (Doc. No. 23);**<br><br>**(3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 16);**<br><br>**(4) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT (Doc. No. 20); AND**<br><br>**(5) REMANDING FOR CALCULATION AND AWARD OF BENEFITS** |

　　　On March 20, 2015, Plaintiff Val J. Waldon ("Plaintiff") filed this appeal against Defendant Carolyn W. Colvin, Commissioner of Social Security ("Commissioner" or "Defendant"), pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc.

No. 1.) The appeal seeks judicial review of an adverse final decision entered on November 20, 2014, which denied Plaintiff's claim for disability benefits. (*Id.* at 2.) On December 14, 2015, Plaintiff filed a motion for summary judgment, (Doc. No. 16), and on February 10, 2016, Defendant filed a cross-motion for summary judgment, (Doc. No. 20). The motions were referred to Magistrate Judge Nita L. Stormes for issuance of a report and recommendation.

On May 10, 2016, Judge Stormes issued a report and recommendation, which recommended that the Court grant Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and remand the action to the Commissioner of Social Security to calculate and award disability benefits to Plaintiff. (Doc. No. 22.) Defendant filed timely objections on May 24, 2016, (Doc. No. 23), and Plaintiff filed a response to Defendant's objections on June 1, 2016. (Doc. No. 24.) For the reasons set forth below, the Court **ADOPTS** the report and recommendation, **GRANTS** Plaintiff's motion for summary judgment, and **DENIES** Defendant's cross-motion for summary judgment.

## BACKGROUND

On August 27, 2008, Plaintiff filed a claim for disability and social security disability insurance benefits. (Doc. No. 9-5 at 1–12.) The application asserted a disability onset date of March 1, 1997. (*Id.*) The request was denied on December 17, 2008, and on reconsideration on March 4, 2009. (*Id.*) Plaintiff filed a written request for a hearing on March 17, 2009. (*Id.*) On April 12, 2010, and August 30, 2010, an administrative law judge ("ALJ") held hearings to determine whether Plaintiff was disabled. (Doc. No. 9-2 at 60–68, 35–59.) Based on the evidence and testimony presented, the ALJ issued a decision on September 9, 2010, denying Plaintiff's claim. (*Id.* at 19–34.) The ALJ found that although Plaintiff had severe impairments,[1] he could successfully adjust to other

---

[1] These impairments included, "Diabetes mellitus; peripheral neuropathy; history of cerebrovascular accident; gastroesophageal reflux disease; hypertension; dyslipidemia;

work. (Doc. No. 9-2 at 22–30.) Additionally, the ALJ discredited the testimony of Plaintiff and his treating physician, Dr. Carol Sprague. (*Id.*)

Plaintiff filed an administrative request to review the decision, which the Appeals Council denied. (Doc. No. 9-2 at 2–7, 17–18.) Plaintiff then filed a complaint for judicial review with the Court. Plaintiff's initial request for judicial review proceeded under a separate case, Case No. 13cv1323, during which the parties filed cross-motions for summary judgment. Those motions were referred to Judge Stormes for issuance of a report and recommendation. In resolving the cross-motions for summary judgment in Plaintiff's prior appeal, Judge Stormes recommended the Court reverse the ALJ's findings because they were not supported by clear and convincing reasons for rejecting the testimony of Plaintiff and Dr. Sprague. (Case No. 12cv1323, Doc. No. 19.) The Court adopted the report and recommendation in its entirety and remanded the case to the Social Security Administration for further proceedings and consideration of the previously discredited testimony. (*Id.* at 17–18.)

On remand, the ALJ held a hearing on October 14, 2014. (Doc. No. 9-10 at 61–104.) On November 20, 2014, the ALJ issued a decision finding Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404 Subpart P." (*Id.* at 10.) Additionally, the ALJ concluded that Plaintiff "had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)" with some limitations. (*Id.*) In reaching these conclusions, the ALJ discredited much of Plaintiff's testimony regarding the extent of his disability. (*Id.* at 12–16.) The ALJ also rejected the opinion of Dr. Sprague. The ALJ ultimately concluded that Plaintiff was not disabled and therefore not entitled to disability benefits. (*Id.*)

Plaintiff then filed the instant action, again seeking review of the Social Security

---

right knee pain; possibly osteoarthritis; and history of alcohol and cocaine dependence." (Doc. No. 9-10 at 8.)

3

Commissioner's decision. (Doc. No. 1.) The matter was referred to Judge Stormes for issuance of a report and recommendation on the parties' cross-motions for summary judgment. (Doc. No. 13.) Judge Stormes issued a report and recommendation ("the R&R"), finding that the ALJ did not cite clear and convincing reasons to reject the testimony of Dr. Sprague or Plaintiff. (Doc. No. 22 at 22–23.) Accordingly, Judge Stormes recommends the Court grant Plaintiff's motion for summary judgment and deny Defendant's cross-motion for summary judgment. Judge Stormes also recommends the Court find Plaintiff "disabled" and remand to the Social Security Commissioner for an award of benefits, finding remand for further proceedings would be futile. (*Id.* at 23.)

Defendant filed timely objections to the R&R. Defendant contends Judge Stormes' consideration of Dr. Sprague's testimony and Plaintiff's credibility was legally erroneous. (Doc. No. 23.) Defendant additionally argues that remand for payment is "highly inappropriate." (*Id.* at 9.)

## **LEGAL STANDARDS**

### I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

### II. Judicial Review of Adverse Social Security Determinations

Sections 206(g) and 1631(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of the Commissioner's final agency decision. *See* 42

U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review, however, is limited. The Commissioner's final decision should not be disturbed unless: (1) the ALJ's findings are based on legal error; or (2) the ALJ's determinations are not supported by substantial evidence in the record as a whole. *See Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

In making this determination, the Court must consider the record as a whole, weighing both the evidence that supports, and the evidence that detracts from the ALJ's conclusion. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Vasquez v. Astrue*, 547 F.3d 1101, 1101 (9th Cir. 2008) (quoting *Andrews*, 53 F.3d at 1039). Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed. *Id.* (citation and quotations omitted). Therefore, § 405(g) permits a court to enter a judgment affirming, modifying, or reversing a decision of the Commissioner. 42 U.S.C. § 405(g). The Court may also remand the action for an immediate award of benefits "upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate into the record in a prior proceeding." *Id.*

## DISCUSSION

### A.   Evaluation of Dr. Sprague's Testimony

During the administrative proceedings following the Court's initial remand, the ALJ rejected the opinion of Dr. Sprague, Plaintiff's treating physician for approximately the past ten years. In rejecting that opinion, the ALJ cited four reasons, including that: (1) Plaintiff failed to comply with his diabetes medication regime; (2) Plaintiff's reported physical activity levels were inconsistent with his reports of foot and leg pain; (3)

Plaintiff testified inconsistently regarding the facts underlying his post-traumatic stress disorder ("PTSD"); and (4) Dr. Sprague improperly concluded Plaintiff was disabled.

In the R&R, Judge Stormes found the ALJ did not rely on clear and convincing reasons to reject Dr. Sprague's opinion, finding the reasons cited were unsupported by the record. Defendant objects that the R&R improperly assessed the evidence underlying the ALJ's rejection of Dr. Sprague's report. (Doc. No. 23 at 4–5.) According to Defendant, Judge Stormes reexamined treatment notes and failed to provide deference to the ALJ's decision in instances where the evidence is susceptible to more than one reasonable interpretation. (*Id.* at 4.)

As Plaintiff's treating physician, Dr. Sprague's opinion is entitled to substantial weight. *See Roulhac v. Astrue*, No. EDCV07-01676, 2009 WL 3066636, at *3 (C.D. Cal. Sept. 21, 2009). Moreover, because her testimony was not contradicted by that of another doctor, the ALJ is entitled to reject Dr. Sprague's testimony only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In rejecting the testimony of a treating physician, the ALJ must do more than offer conclusions—the ALJ must set forth his own interpretations and explain why they are correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988)). An ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The singular instance of Plaintiff's purported non-compliance with his treatment regime does not amount to a clear and convincing reason to reject Dr. Sprague's testimony. Though the ALJ cites to a conflicting pharmacy note as suggestive that Plaintiff failed to take the recommended amount of medicine for treatment of diabetes, the record considered as a whole supports a different finding. As noted in the R&R, the ALJ's determination that Plaintiff take his diabetes medication twice a day is unsupported by any of Dr. Sprague's treatment notes. Thus, distinct from Defendant's contention that the reviewing court defer to the agency's determination when evidence is susceptible to

more than one interpretation, the reviewing court need not accept the ALJ's unsupported reason for rejecting a treating physician's opinion. The record does not support chronic or ongoing non-compliance with Plaintiff's diabetes treatment regime, contrary to the conclusion articulated by the ALJ. *Cf. Garcia v. Astrue*, No. 12-954, 2012 WL 5342516, at *5 (C.D. Cal. Oct. 29, 2012) (upholding the ALJ's rejection of treating physician's opinion when records reflected that plaintiff chronically failed to comply with her prescribed medication plan and the doctor described plaintiff's medication compliance as "poor", "sporadic", and "erratic"); *Saesee v. Astrue*, No. 1:08CV00117, 2010 WL 671031, at *20 (E.D. Cal. Feb. 19, 2010) (concluding the ALJ's interpretation was reasonable because the plaintiff's compliance with her medications was in doubt on at least three occasions). Accordingly, the instance of non-compliance with Plaintiff's diabetes treatment is inconsistent with the record and does not amount to a clear and convincing reason to reject Dr. Sprague's opinion.

As a second reason for rejecting Dr. Sprague's testimony, the ALJ concluded Plaintiff's reported levels of pain associated with peripheral neuropathy and meralgia paresthetica in his feet was inconsistent with Plaintiff's ability exercise in accordance with his physician's recommendation. (Doc. No. 23 at 2.) In the R&R, Judge Stormes concluded that Plaintiff's attempts to exercise were not inconsistent with Dr. Sprague's opinions regarding severe pain in his legs and feet. Defendant contends the R&R improperly reassessed the evidence to reach a favorable outcome for Plaintiff.

"A claimant's ability to engage in daily activities that are incompatible with the severity of symptoms described by a treating physician is an appropriate basis upon which to discredit that opinion." *Franz v. Colvin*, 91 F. Supp. 3d 1200, 1212 (D. Or. 2015). However, a social security claimant may engage in exercise for therapeutic reasons despite pain. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Although the record supports the conclusion that Plaintiff engaged in daily walking, this activity was consistent with prescribed treatment for his diabetes and other health concerns. The activities cited by the ALJ for rejecting Dr. Sprague's pain reports

7

was encouraged and prescribed as part of Plaintiff's treatment plan. (*See* Doc. No. 9-9 at 173) ("A daily routine of regular physical activity, as appropriate for this patient's physical condition, was encouraged"); (*Id.* at 139–140) ("patient was given opportunity … to verbalize an understanding of the importance of regular exercise"); (*Id.* at 81–82) ("advised to increase in walking during the holiday season" "discussed the role of exercise in diabetes regiment").

The frequency and duration of Plaintiff's exercise is also consistent with his pain as documented by Dr. Sprague. (*See* Doc. No. 9-9 at 206.) The record does not suggest Plaintiff engaged in lengthy or strenuous daily activities; instead only walking for exercise as encouraged by his medical providers. Accordingly, Plaintiff's attempts to comply with the exercise regime suggested by his providers is not a clear and convincing reason to reject Dr. Sprague's report about Plaintiff's pain levels. *See Albery v. Colvin*, No. CV-13-00321, 2014 WL 956135, at *11 (D. Ariz. Mar. 12, 2014) ("Plaintiff's participation in rehabilitation at the advice of his treating physicians is not inconsistent with his claims of limitations."); *Feliz v. Colvin*, No. CV-12-02196, 2014 WL 847137, at *9 (D. Ariz. Mar. 5, 2014) ("Plaintiff's limited walking on a treadmill, which was consistent with her doctor's advice that she exercise 'as tolerated,' is not inconsistent with her claims of severe abdominal pain."); *Clark v. Colvin*, No. C13-791, 2013 WL 6189726, at *5 (W.D. Wash. Nov. 26, 2013) (holding that the plaintiff's swimming and stretching were not inconsistent with her claims of pain and inability to work because health care providers encouraged this exercise).

Next, in rejecting Dr. Sprague's opinion, the ALJ cited the belief that Plaintiff falsely alleged he was drafted into combat during the Vietnam war. As support, the ALJ cited Plaintiff's testimony about being in the Coast Guard as inconsistent with the assertion Plaintiff witnessed combat and suffered from PTSD. In the R&R, Judge Stormes concluded that there was no factual support to conclude that Dr. Sprague's reports of Plaintiff's PTSD and depression were based on false allegations of being drafted into the Vietnam War. Again, Defendant objects to the conclusion set forth in the

R&R, asserting the court reevaluated the evidence presented.

Plaintiff's accounts of PTSD associated with his past military experience is well-documented throughout the record. (*See* Doc. Nos. 9-8 at 108; 9-9 at 13, 42–45, 167, 169, 227.) Regardless of whether Plaintiff engaged in a combat position in Vietnam, a combat position elsewhere, or even a non-combat position altogether is not dispositive of whether an individual can suffer from PTSD. Courts have recognized that non-combat positions may also result in PTSD. *See Treadwell v. Astrue*, No. 10CV2016, 2012 WL 987302, at *3 (S.D. Cal. Mar. 22, 2012) ("The records show that Plaintiff reported two significant non-combat accidents while in the military that both meet stressor criteria for PTSD."). Thus, a distinction between whether Plaintiff engaged in combat or worked in a non-combat position during the Vietnam War is not a clear and convincing reason to reject the testimony of Dr. Sprague regarding Plaintiff's PTSD.

Finally, the ALJ rejected Dr. Sprague's testimony that Plaintiff was disabled because such a finding is reserved for the Commissioner. In the R&R, the court concluded that Dr. Sprague was offering her opinion, as opposed to an administrative decision as to disability, and cited to the court's prior review of Plaintiff's claims. In its prior review of the ALJ's determinations, the court noted that in rejecting Dr. Sprague's testimony, the ALJ only stated that such a determination was left to the Commissioner, which did not amount to "specific and legitimate reasons" to reject all of Dr. Sprague's testimony. (Doc. No. 22 at 17.)

Defendant argues, again, that a disability determination is reserved for the Commissioner, and treating source opinions are not entitled to controlling weight on the issue of disability. (Doc. No. 23 at 4.) Although Defendant is correct that the ultimate determination of whether a claimant is disabled is left to the Commissioner, this does not change the fact that there must be a clear and convincing reason to reject the treating physician's opinion.

While a treating physician's determination that a claimant is disabled is not binding on an ALJ, such a conclusion does not entitle the ALJ to reject the physician's

conclusions regarding the nature and severity of a claimant's impairments. *See Gallant v. Heckler*, 753 F. 2d 1450, 1455 (9th Cir. 1984); *Stewart v. Harris*, 509 F. Supp. 31, 34 (N.D. Cal. 1980).

Again, Dr. Sprague's conclusion regarding whether Plaintiff was "disabled" is stated as her opinion and not as a substitute for the agency's determination. Even if the ALJ properly rejected the conclusion that Plaintiff is "disabled," that is insufficient reasons to reject the remainder of her opinion regarding Plaintiff's medical conditions and related symptoms.

Considering the record as a whole and Defendant's objections, Defendant did not provide clear and convincing reasons, supported by substantial evidence, to reject Dr. Sprague's notes and opinions.

B.  Evaluation of Plaintiff's Credibility

During the proceedings on remand, the ALJ concluded Plaintiff's assertions were "not totally credible" and articulated several reasons in support of this conclusion, including: (1) Plaintiff's activities of daily living; (2) Plaintiff's discontinuance of drug and alcohol treatment; (3) Plaintiff's failure to follow up for a cardiac catherization; (4) Plaintiff's reports of alcohol use; (4) Plaintiff's limitations; and (5) Plaintiff's impairments and pain. (Doc. No. 9-10 at 15–16.)[2] In the R&R, Judge Stormes rejected the proffered challenges to Plaintiff's credibility, finding each did not constitute a clear and convincing reason to reject Plaintiff's testimony. (Doc. No. 22 at 19–22.)

The ALJ is required to make "a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit

---

[2] The ALJ also cited Plaintiff's varying testimony regarding military experience as evidence of Plaintiff's dishonesty. (Doc. No. 9-10 at 16.) For the reasons noted above regarding the ALJ's evaluation of Dr. Sprague's testimony about Plaintiff's PTSD, the Court does not find Plaintiff's testimony regarding his military experience inconsistent or demonstrative or dishonest. Accordingly, the Court does not find the varying testimony a clear and convincing reason for finding Plaintiff not credible.

claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Thomas*, 278 F.3d at 958). There is a two-step analysis an ALJ employs. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of symptom. *Id.* Second, if the claimant meets this threshold, and there is no evidence of malingering, the ALJ can reject the testimony only for clear and convincing reasons. *Id.*; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

### 1.  Assessment of Daily Living Activities

In the R&R, Judge Stormes concluded that the fact Plaintiff could conduct activities of daily living was not inconsistent with limitations on his ability to work. (Doc. No. 22 at 20.) Defendant objects, arguing that the R&R merely disagrees with the ALJ's conclusion. (Doc. No. 23 at 5.)

"Daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (internal quotation marks and citation omitted). The Ninth Circuit has "repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [his] credibility as to [his] overall disability." *Vertigan*, 260 F.3d at 1050; *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (internal citations omitted) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). However, "daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical

functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, the ALJ did not explain how Plaintiff's ability to complete daily activities was inconsistent with any of his medical conditions. (*See* Doc. No. 9-10 at 15) (simply stating Dr. Sprague reported that Plaintiff was able to perform his activities of daily living). There are no facts to suggest that Plaintiff's daily activities were inconsistent with his medical conditions or that completion of daily activities would translate to performance in a work environment. Instead, Plaintiff testified that he cannot use his fingers very well and his wife must help him dress. (Doc. No. 9-10 at 75.) Further, he testified that he has to have someone drive him around, he does limited cooking, and virtually no cleaning. (*Id*. at 81.) An adverse credibility determination can be made in two circumstances. Either the claimant's activity contradicts his testimony or the claimant's activity meets the threshold for transferable work skills. *Phillips v. Colvin*, 61 F. Supp. 3d 925, 944 (N.D. Cal. 2014). The ALJ did not provide evidence for either. Further, even though Dr. Sprague noted that Plaintiff could perform his daily activities, she also stated that he would not be able to work in any capacity due to his medical conditions and the side effects of medications used to treat those conditions. (Doc. No. 9-9 at 206.)

Considered with Dr. Sprague's testimony regarding Plaintiff's limitations and various medical conditions, the fact Plaintiff could complete activities of daily living was not a clear and convincing reason to find Plaintiff was not credible.

### 2. Assessment of Alcohol & Drug Treatment Discontinuance

In the R&R, Judge Stormes concluded that Plaintiff's discontinuance of his drug and alcohol rehabilitation in 1997 was not a clear and convincing reason to find Plaintiff not credible. (Doc. No. 22 at 20.) In support, the R&R cited Plaintiff's later rehabilitation, noting Plaintiff "continued with the rehabilitation and reported to be in remission prior to his date last insured." (*Id.*) Defendant again objects that the R&R improperly disagreed with the ALJ's findings. (Doc. No. 23 at 8.)

An unexplained or inadequately explained failure to seek treatment or to follow a

prescribed course of treatment is a factor that weighs claimant's credibility. *Tommasetti*, 533 F.3d at 1039. Similarly, the failure to follow a prescribed treatment that would ameliorate an impairment, without good reason, is a valid basis for denying benefits. *See* 20 C.F.R. §§ 404.1530(b), 416.930(b).

Although the record establishes that Plaintiff initially discontinued his alcohol and drug treatment regime, Plaintiff testified that his treatment was initially discontinued because he struggled with addiction. (Doc. No. 9-10 at 85.) Plaintiff, however, did return to treatment and ceased using alcohol and drugs. (*Id*.) Despite his inability to complete group treatment sessions in September and October 1997, Plaintiff was eventually able to continue treatment and has refrained from drug or alcohol use since approximately September 2000. (Doc. No. 9-9 at 168) (noting Plaintiff "reported his last drink of alcohol and use of cocaine was in September 2000" and that Plaintiff "currently remains sober"). Considering the record as a whole, the ALJ's reliance on Plaintiff's discontinued treatment in 1997, when followed by eventual completion of alcohol and drug treatment and continued rehabilitation, is not a clear and convincing reason to find Plaintiff not credible. *See Bakarich v. Colvin*, No. CV-13-02620, 2015 WL 1470103, at *10 (D. Ariz. Mar. 31, 2015) (finding no clear and convincing reasons to reject the plaintiff's testimony when the ALJ cited to records that were several years old, isolated examples, and failed to address the most recent treatment notes).

### 3. Assessment of Failure to Appear for Cardiac Catherization

The R&R concluded the fact that Plaintiff did not show up for a cardiac catherization was not a clear and convincing reason to find Plaintiff was not credible. (Doc. No. 22 at 21.) Defendant contends that the R&R did not cite to any authority to explain why the ALJ's consideration of the medical note regarding cardiac catherization was erroneous. (Doc. No. 23 at 6.)

An individual's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no

good reasons for this failure." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). "Moreover, a claimant's failure to assert a good reason for not seeking treatment, 'or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony.'" *Id.* at 1114 (citing *Fair*, 885 F.2d at 603).

The ALJ did not note whether the cardiac catherization was a prescribed course of treatment or a suggested diagnostic test. Additionally, it is unclear how the failure to appear for a cardiac catherization relates to Plaintiff's other medical conditions and reports of pain unrelated to a cardiac ailment. Accordingly, one instance where Plaintiff failed to appear for a test, without any indication of whether that test was prescribed as a course of treatment, or otherwise necessary to Plaintiff's treatment, is not a clear and convincing reason to find Plaintiff not credible.

### 4. ALJ's Assessment of Progress Notes

The R&R found the ALJ's conclusion that Plaintiff was not forthcoming regarding his history of alcohol abuse was not a clear and convincing reason to find Plaintiff not credible. (Doc. No. 22 at 21.) Defendant objects, asserting that the R&R second-guessed the ALJ's analysis and speculated about what Plaintiff conveyed to his physicians. (Doc. No. 21 at 8.)

Inconsistent or conflicting testimony about alcohol use can contribute to an adverse credibility finding. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006). "[H]owever, a finding of just a single line of inconsistent testimony alone cannot be enough without further corroboration or explanation." *Id.*

Upon review of the record, there is no evidence to suggest that Plaintiff was not forthcoming regarding his history of alcohol use. The record is replete with references of Plaintiff's prior alcohol dependence, instances of relapse, and Plaintiff's continued sobriety. The one instance cited by the ALJ as inconsistent and demonstrative of Plaintiff not fully disclosing his alcohol dependence is not a clear and convincing reason for finding Plaintiff not credible. *See Norris v. Colvin*, 160 F. Supp. 3d 1251 (E.D. Wash. 2016) ("Although the ALJ's opinion does note one inconsistent statement concerning

alcohol use, the Court finds that the ALJ did not provide sufficiently 'clear and convincing' evidence to support a negative credibility finding based on these purportedly inconsistent statements.") (internal citation omitted). Accordingly, the Court finds the ALJ's conclusion that Plaintiff was not forthcoming regarding his alcohol dependence unsupported by the record, and therefore not a clear and convincing reason to find Plaintiff not credible.

### 5. Assessment of Plaintiff's Limitations

The R&R concluded that Dr. Sprague's opinion supported a finding that Plaintiff's ailments met or equaled a listing, contrary to the finding of the ALJ. (Doc. No. 22 at 22.) Defendant objects, the R&R did not find error in the ALJ's conclusions in this regard. (Doc. No. 22 at 21–22.)

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled. "Medical equivalence will be found 'if the medical findings are at least equal in severity and duration to the listed findings'" and is "determined on the basis of a comparison between the 'symptoms, signs and laboratory findings' about the claimant's impairment as evidenced by the medical records 'with the medical criteria shown with the listed impairment.'" *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (quoting 20 C.F.R. § 404.1526). In evaluating whether a claimant equals a listed impairment, "the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Id.*

The record demonstrates that Dr. Sprague described Plaintiff as having a "marked limitation in concentration due to pain and fatigue" as well as "marked impairment in his social functioning." (Doc. No. 9-9 at 206.) To the extent the ALJ rejected Dr. Sprague's conclusion that Plaintiff had a marked impairment, that argument is rejected for the reasons set forth above. Accordingly, finding the ALJ's conclusion not supported by the

record, specifically, the report of Dr. Sprague, this does not constitute a clear and convincing reason to find Plaintiff not credible.

### 6. Assessment of Plaintiff's Impairments and Pain

The R&R held the ALJ improperly discredited Plaintiff's reports of impairments and related pain. (Doc. No. 22 at 22.) Defendant objects, asserting that the lack of objective evidence considered together with the ALJ's other credibility determinations is sufficient evidence upon which to discredit Plaintiff. (Doc. No. 23 at 6.)

In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting pain testimony must be clear and convincing. *See Lester*, 81 F.3d at 834. The ALJ must specify what testimony is not credible and identify the evidence that undermines the claimant's complaints—"[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal quotation marks omitted).

In disregarding the Plaintiff's testimony regarding his pain, the ALJ simply noted, "the objective evidence if the claimant's medical record, during the period at issue, does not establish impairments likely to produce disabling pain or other limitations as alleged[.]" (Doc. No. 9-10 at 16.) The ALJ does not cite to any particular portion of the record as undermining Plaintiff's testimony regarding pain or impairments. The ALJ also did not express through clear and convincing reasons why the Plaintiff's testimony and the medical record did not establish disabling pain or other limitations. General assertions that the claimant's testimony is not credible are insufficient. *Wilson v. Astrue*, 752 F. Supp. 2d 1146, 1158 (D. Or. 2010); *see also Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (noting the ALJ must specifically identify "what testimony is not credible and what evidence undermines the claimant's complaints"). Accordingly, the ALJ's general finding that Plaintiff was not credible for lack of objective medical evidence is

insufficient to warrant finding Plaintiff not credible.

Consistent with Ninth Circuit precedent, because the ALJ's reasons for discounting Plaintiff's testimony are not supported by substantial evidence and thus do not meet the clear and convincing standard when considering the record in its entirety, the Court concludes the ALJ erred in discrediting Plaintiff's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Accordingly, Defendant's objections to the R&R's findings regarding the ALJ's credibility determinations are overruled.[3]

### C. Remand for Payment

The R&R concluded that this matter should be remanded to the Social Security Administration for an award of benefits to Plaintiff, finding further administrative proceedings unnecessary. (Doc. No. 22 at 22.) Defendant argues that remand for payment is highly inappropriate because the R&R did not establish that Plaintiff is "disabled" or that the record was complete. (Doc No. 23 at 7.)

A court has discretion to remand for further proceedings or remand for payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th Cir. 1988). More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for

---

[3] In finding the Plaintiff not credible, the ALJ also cited Plaintiff's failure to follow his diabetes treatment regime and that Plaintiff's exercise habits were inconsistent with his reported pain levels. However, for the reasons set forth above regarding the ALJ's assessment of Dr. Sprague's reports, the Court finds these are also not clear and convincing reasons to find Plaintiff not credible.

rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman*, 211 F.3d at 1178; *see also McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002).

Upon review of the record and for the reasons set forth above, remand for an immediate award of benefits is appropriate. If the discredited testimony were considered, it is clear the ALJ would find Plaintiff disabled. Additionally, the record is fully developed and no outstanding issues remain that would require further proceedings. Under such circumstances, remand for award of benefits in lieu of further administrative proceedings is appropriate. *See Mendoza v. Colvin*, 2015 WL 6437337, at *2 (9th Cir. Oct. 23, 2015) (remanding for award of benefits where ALJ failed to provide legally sufficient reason for rejecting medical opinion, as well as the plaintiff's testimony); *Martinez v. Colvin*, 585 Fed. Appx. 612, 613 (9th Cir. 2014) ("if Martinez's testimony and Dr. Novak's opinion were properly credited, Martinez would be considered disabled. We therefore reverse the decision of the district court and remand with instructions to remand to the ALJ for the calculation and award of benefits"); *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of benefits where the ALJ improperly rejected the testimony of the plaintiff's examining physicians); *Ghokassian v. Shalala*, 41 F.3d 1300, 1304 (9th Cir. 1994) (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician"). Thus, Defendant's objection to remand for immediate award of benefits is overruled.

///

///

///

## CONCLUSION

For reasons set forth above, the Court hereby **ADOPTS** the R&R, (Doc. No. 22), **OVERRULES** Defendant's objections, (Doc. No. 23), **DENIES** Defendant's cross-motion for summary judgment, (Doc. No. 20), and **GRANTS** Plaintiff's motion for summary judgment, (Doc. No. 16.) This matter is **REMANDED** to the Social Security Commission for calculation and issuance of disability benefits.

**IT IS SO ORDERED**.

Dated: August 29, 2016

Hon. Anthony J. Battaglia
United States District Judge