UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAL J. WALDON,<br><br>                               Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 15-cv-00631-AJB-NLS<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B)**<br><br>(Doc. No. 26) |

Presently before the Court is Plaintiff Val J. Waldon's counsel's ("Counsel") motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) filed on November 15, 2017. (Doc. No. 26.) Defendant filed a response stating that it does not assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due benefits. (Doc. No. 27 at 2.) For the reasons set forth below, the Court **GRANTS** Counsel's motion.

## **BACKGROUND**

On March 20, 2015, Plaintiff filed a complaint for review of the final decision of the commissioner of social security. (Doc. No. 1.) Thereafter, after an extension of time to file his motion was granted, Plaintiff filed his motion for summary judgment on December 14, 2015. (Doc. Nos. 15, 16, 17.) On February 10, 2016, Defendant filed her cross motion for summary judgment. (Doc. No. 20.)

1

On May 10, 2016, Magistrate Judge Nita L. Stormes filed a report and recommendation ("R&R") that recommended that Plaintiff's motion for summary judgment be granted and Defendant's cross motion for summary judgment be denied. (Doc. No. 22.) Additionally, the R&R recommended that the final decision of the Commissioner be reversed and remanded to the Social Security Administration for the calculation and award of benefits. (*Id*.) By the deadline set by the Court, Defendant filed an objection. (Doc. No. 23.) Thereafter, this Court adopted the R&R, overruled Defendant's objection, and remanded the matter for calculation and award of benefits. (*See generally* Doc. No. 25.) On November 15, 2017, Counsel filed the instant motion, his motion for attorney fees. (Doc. No. 26.)

## **DISCUSSION**

Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, governs the award and collection of fees by attorneys representing claimants seeking old-age, survivor, or disability insurance benefits. 42 U.S.C. § 406(b) specifically governs the award and collection of fees by attorneys for the representation of claimants in court.

Under 42 U.S.C. § 406(b) the fees an attorney may charge a Social Security claimant for representation in court are as follows

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The fee is paid by the claimant out of the past-due benefits awarded and the losing party is not responsible for payment. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). Also, in contrast to fees awarded under fee-shifting statutes, under which "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client," *id*. at 806, the court-awarded fee is the only way a successful attorney may recover fees for work performed before the district court. In fact,

it is a criminal offense for an attorney to collect fees in excess of those allowed by the court. 42 U.S.C. § 406(b)(2).

In 2002, the Supreme Court resolved a split in the circuits in favor of acknowledging the importance of lawful attorney-client fee agreements and against a "lodestar approach" to determining reasonable attorney fees in cases where claimants prevailed in federal court. *Gisbrecht*, 535 U.S. at 790. Ultimately, the Supreme Court concluded that "the provision limiting attorney fees to 25 percent of past-due benefits was designed to control, and not to displace, contingent-fee agreements that are within the statutory ceiling." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1035–36 (N.D. Cal. 2003).

Based on the foregoing, the Court must now determine if the fee is "reasonable." *See Gisbrecht*, 535 U.S. at 807 (holding that Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Pursuant to the holding in *Gisbrecht*, the Court's independent check demonstrates that the fee in light of the particular circumstances is reasonable.

First, Counsel seeks exactly a fee of 25% of the past due benefits paid or payable to Plaintiff. (Doc. No. 26-1 at 3.) Thus, the request is within the statutory and contract-based maximum of 25% of past-due benefits. Second, Counsel has demonstrated and the Court agrees that an attorney with his experience earning $495.51 per hour does not amount to a windfall as a matter of law. (*Id*. at 4–5 (*see Hunnicut-Lott v. Commissioner of Social Sec.*, Case No.: 12cv2741 AJB (KSC), 2015 WL 7302734, at *2 (S.D. Cal. Nov. 18, 2015) (finding an hourly rate of approximately $531.00 reasonable); *see also Knudsen v. Colvin*, No.CV 11-5093, 2015 WL 4205319, at *2 (C.D. Cal. July 10, 2015) (hourly rate of $973.78 for 26.7 hours of work was reasonable))). Specifically, the Court notes that Counsel's declaration states that his law offices expended 48.5 hours on this case, which at a rate of $495.51 equals $24,032.24. The amount Counsel now requests is less than this amount, thus this is further evidence of reasonableness. *See Davidian v. Astrue*, No. CV 06-7801-E, 20008 WL 2977458, at *1 (C.D. Cal. July 28, 2008) ("Neither the character of the representation nor the results the representative achieved suggest the unreasonableness of

the fee sought.") (internal quotation marks omitted). Third, as demonstrated by this Court's conclusion that Plaintiff's motion for summary judgment be granted, it is clear that Counsel devoted careful attention and time to this case. Finally, Defendant does not oppose this motion, but instead states that it takes no position on whether the fee is reasonable under applicable case law. (Doc. No. 27 at 2.)

For the reasons set forth above, the Court awards Plaintiff's counsel, Steven G. Rosales, the sum of $23,983.75 in fees under 42 U.S.C. § 406(b). The Court further directs Steven G. Rosales to refund $3,500.00 to Plaintiff to offset the fees already granted under the Equal Access to Justice Act ("EAJA"), resulting in a net of a § 406(b) fee of $20,483.75.

## CONCLUSION

Plaintiff's counsel's motion for attorney's fees is **GRANTED**. (Doc. No. 26.) Mr. Steven G. Rosales is hereby awarded $20,483.75 in attorney's fees. Mr. Rosales will reimburse Plaintiff in the amount of $3,500.00, previously paid under the EAJA.

**IT IS SO ORDERED**.

Dated: December 1, 2017

Hon. Anthony J. Battaglia
United States District Judge